UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vectair Systems Inc.,

        Plaintiff and
        Counterclaim Defendant,

Case No. 24-cv-01454 (JMB/ECW)

v.

**ORDER**

Fresh Products, Inc.,

        Defendant and
        Counterclaimant.

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Motion") (Dkt. 67) pursuant to Local Rule 5.6(d) concerning documents (Dkts. 55 and 58, 58-1, 58-2, and 58-3) filed under seal in connection with Plaintiff Vectair Systems Inc.'s ("Vectair") Motion to Streamline the Number of Asserted Claims (Dkt. 48).

The parties seek continued sealing for the Memorandum in Opposition to Vectair's Motion to Streamline the Number of Asserted Claims field by Defendant Fresh Products, Inc. (Dkt. 67 at 2.) A redacted copy of this memorandum was filed publicly. (*See* Dkt. 56.) The parties also seek continued sealing of Exhibits 1-4 to the Declaration of Rhett Ramsey (Dkts. 58, 58-1, 58-2, and 58-3) filed in support of the Opposition. (Dkt. 67 at 2.) The proffered basis for the continued sealing of these documents is as follows: The documents "contain[] material related to development of the accused products that was designated by Vectair as 'Confidential' or 'Attorneys' Eyes Only' pursuant to the Protective Order (ECF 19). Because this information is maintained as

non-public and confidential, the parties agree this document should remain under seal."

(*Id.*)

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations and marks omitted).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021).

Based on the representations of the parties, the Court's review of the documents, and the procedural posture of the case, the Court concludes that the need to maintain the information in above entries under seal outweighs the public's right of access **at this**

**point in the litigation**. *See IDT*, 709 F.3d at 1224.  The Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions.[1]  *See Cake Love Co. v. AmeriPride Servs., LLC,* No. 22-CV-1301 (PJS/ECW), 2023 WL 5277009, at *1 (D. Minn. June 22, 2023) (citing *In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021)).

---

[1]  The Court reminds the parties that the fact that a document has been designated as confidential under a protective order, standing alone, is **not** a valid basis for continued sealing.  *See Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019).  "[District of Minnesota] Local Rule 5.6 indicates that while documents exchanged in discovery are not presumptively public, matters filed in court, even in connection with discovery motions or solely to determine their irrelevance, are presumptively public. (As the Eight[h] Circuit noted, however, the public's presumptive right of access to such material may be weak.)" *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021); *see also* D. Minn. LR 5.6 *2017 Advisory Committee Note.*  Here, the Court can discern from the documents why the parties seek their continued sealing, but that may not always be the case.  Going forward, the parties must set forth a short basis for continued sealing beyond the fact that the information was designated confidential under the Protective Order, or the Court will order the documents unsealed.

**ORDER**

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continued Sealing (Dkt. 67) is **GRANTED**; and

2. Docket Entries 55, 58, 58-1, 58-2, and 58-3 will remain **SEALED**.

DATED: June 6, 2025     *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

4