**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Vectair Systems Inc.,

            Plaintiff and
            Counterclaim Defendant,

v.

Fresh Products, Inc.,

            Defendant and
            Counterclaimant.

Case No. 24-cv-01454 (JMB/ECW)

**ORDER**

---

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Motion") (Dkt. 95) pursuant to Local Rule 5.6(d) concerning documents (Dkts. 69, 73, 74, 74-1, 74-2, 74-3, 74-4, 74-5, 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, 74-12, 86, 90, 90-1, and 90-2) filed under seal in connection with parties' *Markman* briefs.

## I.    FACTUAL BACKGROUND

Here, the parties agree that Docket Entries 69, 73, 74, 74-1, 74-2, and 74-3 should be unsealed.  (Dkt. 95 at 2.)  As such, these documents will be unsealed in accordance with the Local Rules.

The parties seek continued sealing for Defendant Fresh Products, Inc.'s Responsive Claim Construction Brief (Dkt. 86) and Exhibits 11, 12 and 13 to Declaration of Rhett Ramsey in support of Fresh Products' Responsive Claim Construction Brief (filed as Dkts. 90, 90-1, and 90-1, respectively) on the basis that the redacted information

is non-public and confidential proprietary business information, and the proposed redactions are limited.[1]

A disagreement remains between the parties with respect to the continued sealing of Docket Entries 74-4, 74-5, 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, and 74-12. Fresh Products argues that these entries contain non-public and confidential business information relating to internal product development and should remain under seal, whereas Plaintiff Vectair Systems Inc. asserts that the documents should either be redacted or in some cases unsealed because Vectair Systems asserts there is no legitimate proprietary interest in continued sealing.

## II.    ANALYSIS

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation modified).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808,

---

[1]    Proposed redactions by the parties for Docket Entries 86 and 90, 90-1, and 90-2 can be found at Docket Entries 96 (for Docket Entries 90, 90-1, and 90-2) and 97 (for Docket Entry 86).

at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021).  That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021).  "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and

3

amounts to little more than a prediction of public access absent a countervailing reason."

*Id.* (quoting *Amodeo*, 71 F.3d at 1050).

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6 *2017 advisory committee note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at \*11.  The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test.  *Id.*  Whether the presumption of public access is overcome will depend on the strength of the presumption, which in turn depends on "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts."  *IDT*, 709 F.3d at 1224.

Given this legal framework, the Court finds that Docket Entries 74-4, 74-5 and 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, 74-12, 90, 90-1, and 90-2, which contain actual results relating to splash testing, discussions regarding product design, and/or discussions regarding marketing strategy should remain sealed, as the right of the public to have access to this information, in light of the Court's Order on claim construction, does not outweigh the interests of the parties in having this information remained sealed given their proprietary interests in such information.

With respect to Docket Entry 86, the proposed redactions as to Fresh Products' Responsive Claim Construction Brief (Dkt. 97) are rejected and the parties are ordered to publicly file a copy of the brief (Dkt. 86) with only the identification of the third party on page Dkt. 86 at 6 (page 1 of the brief) redacted.  Given the presumption of access, the public's right to analyze what the Court considered in terms of the arguments of the parties when construing the asserted patent claims outweighs the parties' interests in keeping the information under seal, except for the identification of the non-party in that brief.

## ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The parties' Joint Motion for Continued Sealing (Dkt. 95) is **GRANTED** in part and **DENIED** in part;

2.      Docket Entries 69, 73, 74, 74-1, 74-2, and 74-3 are unsealed in accordance with the Local Rules;

3.      Docket Entries 74-4, 74-5 and 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, 74-12, 86, 90, 90-1, and 90-2 will remain **SEALED**;

4.      The parties shall file a redacted version of Docket Entry 86 consistent with this Order on or before **April 6, 2026**, unless one or both parties files a Motion for Further Consideration of Sealing pursuant to Local Rule 5.6(f); and

5.      The proposed redactions of Docket Entries 90, 90-1, and 90-2, filed as Docket Entry 96, are accepted by the Court, and the Clerk of Court is directed to unseal Docket Entry 96 in accordance with the Local Rules.


DATED: March 12, 2026                    *s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge


6